Filed 1/22/16  Schinkel v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LARRY STEVEN SCHINKEL, JR., | C073404 |
| Petitioner, | |
| v. | (Super. Ct. No. 99F03948) |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | OPINION ON TRANSFER |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Petitioner Larry Steven Schinkel, Jr. (defendant), who is serving an indeterminate life term under the "Three Strikes" law, filed a petition for resentencing under the Three Strikes Reform Act of 2012, passed by the voters as Proposition 36.  The trial court denied the petition without a hearing because defendant's current conviction for solicitation of murder necessarily included an intent to cause great bodily injury, which is

1

a disqualifying factor for resentencing under the Three Strikes Reform Act of 2012. Based on its determination that defendant had a current conviction for a serious or violent felony (the solicitation of murder count), the trial court also found that defendant was not eligible for resentencing on other counts. Defendant appealed.

After we filed an opinion finding no merit in defendant's appellate contentions, the California Supreme Court granted review and eventually transferred the case back to this court for reconsideration in light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). We vacated our decision, and neither party filed a supplemental brief after the transfer.

On reconsideration, we continue to hold that: (1) the trial court properly determined that defendant is ineligible for resentencing on the solicitation of murder count, under the Three Strikes Reform Act of 2012, because his conviction for solicitation of murder necessarily included the intent to cause great bodily injury and (2) defendant is not entitled to a jury trial on whether he is eligible for resentencing. However, in light of *Johnson*, (3) defendant may be eligible for resentencing on other current convictions, which must be determined on a count-by-count basis. We therefore reverse only the part of the trial court's order denying resentencing on the current convictions other than for solicitation of murder and remand for the trial court to determine whether defendant is eligible for resentencing on those counts.

BACKGROUND

Defendant, who had prior strike convictions (specifically, he had six prior burglary convictions), engaged in sexual intercourse with a minor. After he was arrested on the charges related to the minor, he solicited another inmate to have the minor killed so that she could not testify against him. Convicted of four counts of sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c)) and solicitation of murder (Pen. Code, § 653f, subd. (b)), defendant was eventually sentenced under the Three Strikes law to an indeterminate term of 25 years to life for solicitation of murder with two consecutive 25-year-to-life

2

terms for two of the sexual intercourse counts, for an aggregate term of 75 years to life. Two 25-year-to-life terms for the other sexual intercourse counts were imposed concurrently. (*People v. Schinkel* (Aug. 27, 2002, C036877) [nonpub. opn.].) (Hereafter, unspecified code citations are to the Penal Code.)

In November 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012, which we refer to in this opinion as the Three Strikes Reform Act or, simply, the Act. The Act amended sections 667 and 1170.12 (relating to Three Strikes sentencing) and added section 1170.126 (relating to resentencing of defendants previously sentenced under the Three Strikes law). Among other things, the Act allows a defendant sentenced to an indeterminate life term under the Three Strikes law to file a petition for resentencing, but only if the defendant is eligible for resentencing under the Act.

Defendant, representing himself, filed a petition for resentencing under the Three Strikes Reform Act. Without a hearing, the court denied the petition. The court held that defendant was not eligible for resentencing because, with respect to the solicitation of murder conviction, defendant intended to cause great bodily injury. The court also concluded that defendant was not eligible for resentencing on the sexual intercourse with a minor counts because of his ineligibility on the solicitation of murder count. It did not determine whether defendant may have been eligible for resentencing on those counts, independent of the solicitation of murder count, on a count-by-count basis.

Defendant filed a notice of appeal, and we appointed counsel to represent him on appeal.

The order denying defendant's petition for resentencing is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595 (*Teal*).)[1]

---

[1] In our first opinion, we noted that the appealability of denial of a petition for resentencing was an undecided issue, so we reached the issues by treating the notice of

3

DISCUSSION

I

*Eligibility for Resentencing for Solicitation of Murder*

This appeal deals exclusively with the resentencing provisions of the Three Strikes Reform Act, found in section 1170.126. That section allows a defendant sentenced under the Three Strikes law to petition for resentencing under some circumstances.

The resentencing provisions of the Three Strikes Reform Act require the trial court, in determining the defendant's eligibility for resentencing, to consider both the *prior convictions* that justified the Three Strikes sentencing in the first place (here, the six prior burglary convictions), as well as the *current convictions*, meaning the convictions for which the defendant is serving an indeterminate life term under the Three Strikes law (here, solicitation of murder and four counts of unlawful intercourse with a minor).

A defendant is *not* eligible for resentencing under the Three Strikes Reform Act if any of the *prior convictions* on which the Three Strikes sentence was based are among the offenses listed in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv)(V), which list includes solicitation of murder (§ 653f). (§ 1170.126, subd. (e)(3).) Here, defendant's prior burglary convictions did not disqualify him from resentencing.

A defendant also is *not* eligible for resentencing under the Three Strikes Reform Act if the defendant's *current conviction* is for a serious or violent felony listed in section 667.5, subdivision (c), or section 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1).) Solicitation of murder is not one of the listed felonies.

Finally, a defendant is *not* eligible for resentencing under the Three Strikes Reform Act if the defendant's *current conviction* involved any of the circumstances listed

appeal as a petition for writ of mandate. Since then, the issue has been settled by *Teal, supra,* 60 Cal.4th 595, in favor of appealability.

4

in section 667, subdivision (e)(2)(C)(i)-(iii)) or section 1170.12, subdivision (c)(2)(C)(i)-(iii)). (§ 1170.126, subd. (e)(2).) The circumstance in those lists that is relevant to this case is that "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) The question presented here is whether, by virtue of his conviction for solicitation of murder, defendant necessarily intended to cause great bodily injury and is therefore not eligible for resentencing under the Act.

The trial court based its denial of the petition for resentencing on the fact that defendant's current conviction for solicitation of murder necessarily included an intent to cause great bodily injury. On appeal, defendant contends this conclusion was error because: (1) solicitation of murder is not one of the enumerated current offenses that disqualifies a defendant from resentencing, (2) any intended injury must be (a) personally inflicted and (b) contemporaneous with the crime, and (3) the Three Strikes Reform Act requires that the disqualifying circumstance be pleaded and proved at trial.

A.    *Solicitation of Murder Necessarily Includes Intent to Cause Great Bodily Injury*

On appeal, defendant contends that his current conviction for solicitation of murder does not disqualify him from resentencing under the Three Strikes Reform Act. He relies on the fact that, while the offense is listed as a disqualifying prior conviction, it is not listed as a disqualifying current conviction. His argument carries some logic – if solicitation of murder is listed as a disqualifying prior conviction but not as a disqualifying current conviction, then the Legislature must have intended to allow resentencing under the Act for a current solicitation of murder conviction. However, the argument is ultimately untenable because it would require us to ignore the voters' express desire to exclude from resentencing all defendants who have a current conviction involving an intent to cause great bodily injury. (See *Copley Press, Inc. v. Superior*

5

*Court* (2006) 39 Cal.4th 1272, 1284 [we must give effect and significance to every word and phrase].)

Solicitation of murder is committed when a person "with the intent that the crime be committed, solicits another to commit or join in the commission of murder . . . ." (§ 653f, subd. (b).)  Express malice, a specific intent to kill, is an element of solicitation of murder.  (*People v. Bottger* (1983) 142 Cal.App.3d 974, 980.)  Certainly, intending to kill someone involves intending to cause that person great bodily injury.  Therefore, intent to cause great bodily injury is necessarily included in solicitation of murder.

B. *No Personal Infliction or Contemporaneous Infliction Requirement*

Defendant argues that "there is an indication that the necessary intent is to inflict great bodily injury personally and concurrently or contemporaneously with the crime." To the contrary, neither personal infliction nor contemporaneous infliction is a part of the Three Strikes Reform Act exclusion from resentencing of offenses committed with intent to cause great bodily injury.

Concerning a personal infliction element of the great-bodily-injury provision of the Three Strikes Reform Act, defendant argues that "the electorate meant to refer to the elements of the sentence enhancement provision of section 12022.7, including the element of personal infliction of great bodily injury."  Section 12022.7 provides for a sentence enhancement if the defendant "personally inflicts great bodily injury on any person . . . in the commission of a felony."  (§ 12022.7, subd. (a).)  While this sentence enhancement for *actual* infliction of great bodily injury expressly requires personal infliction of such injury, there is no indication the voters intended to adopt that express provision when they excluded from resentencing those who intended to cause great bodily injury.  The Act neither refers to section 12022.7 nor adopts the personal infliction language.

Concerning contemporaneous infliction of great bodily injury, there is also no authority for imputing an additional element.  The provision of the Three Strikes Reform

6

Act states that "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) This language does not imply that the injury had to occur during the commission of the offense; instead, it states only that, during the commission of the offense, the defendant intended to cause the injury. Here, defendant necessarily intended to cause great bodily injury to the witness when he solicited her murder.

C.      *What is Necessarily Included in Conviction Need Not be Separately Pleaded and Proved*

Finally, defendant argues that the trial court erred by excluding him from resentencing under the Three Strikes Reform Act because his intent to cause great bodily injury was neither pleaded nor proved in conjunction with his conviction for solicitation of murder. The argument fails to convince us, however, because, as noted above, intent to cause great bodily injury is necessarily included in the crime of solicitation of murder. Death is a significant and substantial physical injury. (See §§ 12022.7, subd. (f).) Therefore, intent to cause great bodily injury was pleaded and proved at trial by inexorable implication.

II

*Jury Trial on Resentencing Petition*

Defendant contends that he is entitled to a jury trial on the issues posed by his petition for resentencing. He states: "There is at least one issue in the recall petition which triggers the constitutional right to jury trial: whether the infliction of great bodily injury was intended to be personal and contemporaneous with the solicitation of murder." As we have already explained, however, there are no such requirements attached to the provision under which defendant was found ineligible for resentencing. The Three Strikes Reform Act does not require that great bodily injury that the excluded defendant intended to cause was to be personally inflicted or inflicted contemporaneously with the commission of the crime. Defendant's contention that he is entitled to a jury trial is

7

without merit because the factual issues on which he claims a jury trial right are nonexistent. We therefore need not consider whether there is such a jury trial right as to factual issues that actually exist.

## III

### *Resentencing on Counts Other Than Solicitation of Murder*

Defendant contends that, even if he is not eligible for resentencing on the solicitation of murder count, he is eligible for resentencing on the other counts for which he received indeterminate life terms because those were not disqualifying current convictions. Four of defendant's convictions were for sexual intercourse with a minor. He was sentenced on those four convictions to 25 years to life each (two consecutive and two concurrent terms). He argues that he should be resentenced on those counts.

On July 2, 2015, our Supreme Court, in *Johnson*, held: "[T]he [Three Strikes Reform Act] requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life." (*Johnson, supra,* 61 Cal.4th at p. 688.)

As noted above, the trial court did not consider whether defendant was eligible for resentencing on a count-by-count basis, and, therefore, it did not consider separately whether defendant was eligible for resentencing on the sexual intercourse with a minor counts. Such count-by-count determination is mandatory under *Johnson*.

## DISPOSITION

The order denying the resentencing petition in its entirety is reversed in one respect: upon remittitur issuance, the trial court is directed to determine, count-by-count, whether defendant is eligible for resentencing on the sexual intercourse with a minor

8

convictions and proceed according to law based on that count-by-count determination. The order denying the resentencing petition is affirmed in all other respects.


      NICHOLSON      , Acting P. J.


We concur:


      HULL      , J.


      HOCH      , J.

9